# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**THOMAS H. BROOKS, JR. ,**

        **Plaintiff,**

**v.**                                   **Case No:  6:18-cv-554-Orl-37DCI**

**SEARS, ROEBUCK AND CO.,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration following Defendant's response (Doc. 10) to the Court's Order to Show Cause (Doc. 7).  On December 7, 2017, Plaintiff filed a complaint in state court alleging that he was injured when he slipped and fell on a slippery substance in Defendant's store.  Doc. 2.  Plaintiff did not include any factual allegations regarding the nature of his alleged injury.  *Id.*  Plaintiff pled that he is a resident of Orange County, Florida.  *Id.*

On April 10, 2018, Defendant filed a Notice of Removal alleging that this Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1332.  Doc. 1.  Citing to the Complaint, Defendant alleged that "Plaintiff is a resident of Florida."  *Id.* at 2.  Defendant also alleged that the amount-in-controversy exceeds $75,000.00.  *Id.* at 3.  To support its allegation, Defendant attached Plaintiff's proposal for settlement, wherein Plaintiff requested $135,000.00 in exchange for Plaintiff agreeing to voluntarily dismiss the action with prejudice.  Doc. 1-2.  Plaintiff's proposal for settlement did not include any medical records, bills, or descriptions of Plaintiff's injuries or damages.  *Id.*  Defendant did not provide the Court with any additional information regarding the amount-in-controversy or the nature of Plaintiff's injuries.  *Id.*

On May 7, 2018, the Court entered an Order to Show Cause (OTSC) why this case should not be remanded to state court for lack of federal subject matter jurisdiction.  Doc. 7.

On May 17, 2018, Defendant filed a response to the Court's OTSC (the Response).  Doc. 10.  In doing so, Defendant chose not to provide the Court with any additional evidence to support the existence of federal subject matter jurisdiction.  *Id.*  Instead, Defendant simply argued that its Notice of Removal is sufficient to establish federal subject matter jurisdiction.  *Id.*

Defendant's argument is unavailing.  Further, in its OTSC, the Court identified in detail the jurisdictional defects at issue and provided Defendant an opportunity to cure those defects.  *See, e.g.*, *Travaglio v. Am. Expresss Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013) (allowing defective allegations regarding citizenship to be cured through record evidence).   The Court takes Defendant's decision not to attempt to cure the jurisdictional defects through record evidence as a tacit concession that it has no further information that may satisfy this Court's jurisdictional requirements.  Thus, the undersigned finds that this case should be remanded to state court.

I.      **STANDARD OF REVIEW.**

This Court is a court of limited jurisdiction and, as such, "is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 409-10 (11th Cir. 1999); *see also Hernandez v. U.S. Atty. Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008) (per curiam) ("As a preliminary matter, we must inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").  "A defendant seeking to remove a case bears the burden of proving that the federal district court has original jurisdiction."  *Alilin v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1183-Orl-41DAB, 2014 WL 7734262, at *2 (M.D. Fla. Jan. 30, 2014) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).  In cases where the damages are unspecified, "the removing party bears the burden of establishing the

jurisdictional amount by a preponderance of the evidence." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).  Statutes governing removal are strictly construed and, thus, "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

## II.  <u>DISCUSSION</u>.

A federal court has diversity jurisdiction over civil actions where there is complete diversity of citizenship among the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).

### A.  **Amount-in-Controversy.**

"A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citations omitted); *see also S. Fla. Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014) ("What counts is the amount in controversy at the time of removal."); *Adventure Outdoors*, 552 F.3d at 1294–95.  "Where . . . the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams*, 269 F.3d at 1319 (citations omitted).  However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754 (citations omitted).  Rather, a court may consider the evidence combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations. *See id.*; *see also S. Fla. Wellness*, 745 F.3d at 1315.

In determining whether a removing defendant has carried its burden of proving that the amount-in-controversy satisfied the jurisdictional requirement at the time of removal, a court may

consider post-removal evidence. *Williams*, 269 F.3d at 1319. This post-removal evidence may include a plaintiff's settlement offer and attached medical records. *Alilin*, 2014 WL 7734262, at *2 (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)). But although medical records attached to a settlement offer are entitled to great weight, a plaintiff's settlement offer itself is "not conclusive proof of the amount in controversy as these offers, particularly pre-suit offers, typically 'reflect puffing and posturing' on the part of the plaintiff." *Alilin*, 2014 WL 7734262 at *2 (citations omitted); *see also Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281, 1283 (S.D. Ala. 2009) (involving a post-suit settlement offer and stating that whether or not a settlement offer "counts for something" depends on the circumstances). With that said, "offers that provide specific information to support the plaintiff's claim for damages suggest the plaintiff is offering a reasonable assessment of the value of his claim and are entitled to more weight." *Id.* (citation omitted).

Here, Plaintiff did not plead a specific amount of damages. *See* Doc. 2. Thus, it was Defendant's burden to prove by a preponderance of the evidence that the amount-in-controversy exceeds the jurisdictional requirement. *Williams*, 269 F.3d at 1319 (citations omitted). Defendant failed to do so. Although Plaintiff's proposal for settlement seeks $135,000.00 to settle this case, the proposal for settlement does not provide any specific information to suggest that $135,000.00 is a reasonable assessment of Plaintiff's claim. Doc. 1-2. And Defendant did not provide the Court with any specific information – such as the amount of Plaintiff's medical bills or the nature and severity of Plaintiff's injuries – that the Court could use to reasonably infer that the amount-in-controversy exceeds the jurisdictional amount. Nor did Defendant provide the Court with any documents – such as Plaintiff's medical records or bills – that the Court could use to reasonably infer that the amount-in-controversy exceeds the jurisdictional amount.

In its Response, Defendant argued that the information it provided to the Court with its Notice of Removal – i.e., Plaintiff's proposal for settlement – is sufficient to carry its burden of establishing by a preponderance of the evidence that the amount-in-controversy is satisfied. Specifically, Defendant argued that case law from the Middle District of Florida is consistent and clear in finding that proposals for settlement – standing alone – are sufficient to satisfy the amount-in-controversy requirement.  Doc. 10 at 3-7 (citing *Pantages, Jr. v. Cardinal Health 200, Inc.*, 2008 WL 11335074 (M.D. Fla. June 5, 2008); *Martin v. Mentor Corp.*, 142 F. Supp. 2d 1346 (M.D. Fla. 2001); *Essenson v. Coale*, 848 F. Supp. 987 (M.D. Fla. 1994)).  But none of the cases cited by Defendant held that a proposal for settlement, without more, is sufficient to carry Defendant's burden of establishing by a preponderance of the evidence that the amount-in-controversy is satisfied.  In fact, none of the cases cited by Plaintiff even considered whether the defendants had carried their burden of establishing that the amount-in-controversy was satisfied.

In *Pantages, Jr.*, the court addressed the issue of whether or not the defendants' notice of removal was timely filed.  *Pantages, Jr.*, 2008 WL 11335074, at * 1-5.  The court did not consider the issue of whether or not the defendants had carried their burden of establishing that the amount-in-controversy was satisfied, noting that there was "no dispute that the amount in controversy in this case exceeds the sum of $75,000." *Id*.  In *Martin*, the court also addressed the issue of whether or not the defendant's notice of removal was timely filed.  *Martin*, 142 F. Supp. 2d at 1347-49. Specifically, the issue before the court was "whether [the defendant's] facsimile receipt of [the plaintiffs' proposal for settlement] was legally sufficient notice to commence the thirty-day period during which [the defendant] could file a notice of removal under 28 U.S.C. § 1446(b)." *Id*. at 1348.  In their motion to remand, the plaintiffs did not challenge the fact that the amount-in-controversy exceeded the jurisdictional limits and, as such, the court did not consider issue of

whether the defendant had carried its burden of establishing that the amount-in-controversy was satisfied. *See id.* at 1348. Finally, in *Essenson*, the court addressed the issue of whether a proposal for settlement is an "other paper" upon which removal may be based pursuant to 28 U.S.C. § 1446(b). *Essenson*, 848 F. Supp. at 988-90. As was the case in *Martin*, the plaintiff's motion to remand did not challenge the fact that the amount-in-controversy exceeded the jurisdictional limits. *See id.* at 988. Thus, the court did not consider the issue of whether the defendant had carried its burden of establishing that the amount-in-controversy was satisfied. *Id.* at 988-90.

Regardless, the undersigned is persuaded by the court's analysis in *Alilin*, in which the court noted that settlement offers are not conclusive proof of the amount-in-controversy and must be weighed based upon the circumstances under which they are made. *See Alilin*, 2014 WL 7734262, at *2-3; *see also Burns*, 31 F.3d at 1097 ("While this settlement offer, by itself, may not be determinative, it counts for something."); *Jackson*, 651 F. Supp. 2d at 1281, 1283 (involving a post-suit settlement offer and stating that whether or not a settlement offer "counts for something" depends on the circumstances). And although there may be some merit to Defendant's argument that a proposal for settlement pursuant to Florida Statutes section 768.79 is entitled to more weight than a pre-suit demand, Plaintiff's proposal for settlement – standing alone – is not enough to satisfy Defendant's burden in this case. Defendant has provided the Court with no information whatsoever regarding the nature or severity of Plaintiff's injuries that the Court could use to determine whether Plaintiff's offer is a reasonable assessment of the value of Plaintiff's claim. And the fact that Plaintiff's offer was made prior to Plaintiff providing Defendant with any discovery responses, medical records, or bills – and, apparently, before providing Defendant with even the most basic information regarding the nature of Plaintiff's injuries – certainly weighs

against finding that Plaintiff's offer represents a reasonable assessment of Plaintiff's claim as opposed to mere puffing and posturing.

Accordingly, the undersigned recommends that the case be **REMANDED** to state court for Defendant's failure to establish that the amount-in-controversy exceeds the jurisdictional limit.

### B.  Complete Diversity.

For the reasons that follow, the undersigned also finds that this case is due to be remanded to state court for the alternative and independent reason that complete diversity of citizenship among the opposing parties has not been established.

There is complete diversity of citizenship among the opposing parties where "no plaintiff is a citizen of the same state as any defendant." *Travaglio*, 735 F.3d at 1268.  An individual is a citizen of the state in which he or she is domiciled, which is the state where the individual maintains his or her "true, fixed, and permanent home." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (per curiam).  "Residence alone is not enough" to establish citizenship under 28 U.S.C. § 1332.  *Travaglio*, 735 F.3d at 1269 (citation omitted); *see also Eaton v. Vista Outdoors, Inc.*, No. 6:17-cv-1096-Orl-37KRS, 2017 WL 3033782, *1 (M.D. Fla. July 18, 2017) ("The citizenship of an individual is determined by domicile, which is established by residence *plus* an intent to remain.") (citations omitted) (emphasis added).

Here, the allegation in Plaintiff's Complaint (Doc. 2) – that Plaintiff is a resident of Florida – is insufficient to establish the existence of complete diversity.  And Defendant failed to provide the Court with any evidence to establish that Plaintiff is a citizen of Florida.  Therefore, Defendant failed to carry its burden of proving the existence of federal diversity jurisdiction.

Defendant's reliance on *Estate of Cochran By and Through Pevarnek v. Marshall*, 2017 WL 5899200 (M.D. Fla. Nov. 30, 2017) and *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d

1356 (S.D. Fla. 2015) to argue that residence alone is sufficient to carry Defendant's burden of establishing Plaintiff's state of citizenship is unavailing. In *Estate of Cochran*, the court noted that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." *Estate of Cochran*, 2017 WL 5899200, at *3 (citation omitted) (alterations in original). The court then found that the plaintiff failed to properly challenge the factual basis for diversity jurisdiction where the plaintiff argued in its motion to remand only that the defendant, Lacey Marshall, was a resident of Florida. *Id*. Nevertheless, the court considered whether defendant Lacey Marshall had proven by a preponderance of the evidence that complete diversity exists. *Id*. In doing so, the court considered defendant Lacey Marshall's affidavit regarding her Michigan citizenship, which discussed: her state of residence; her state driver's license; her vehicle registration; her voter registration; her place of employment; her bank statements; and her intent to remain a citizen of the state of Michigan with no intentions of moving back to Florida. *Id*. at *3-4. In the instant case, Defendant did not provide the Court with any information other than Plaintiff's alleged residence that the Court could use to determine whether Defendant has carried its burden of proving that complete diversity exists.

In *E.S.Y., Inc.*, the court found that there was no dispute that the parties' citizenship was diverse. *E.S.Y., Inc.*, 217 F. Supp. 3d at 1359. The court then stated in a footnote as follows:

> . . . There is a presumption "the state in which a person resides at any given time is also that person's domicile." *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F.Supp.2d 1279, 1281 (M.D.Ala.1998) (citations omitted). E.S.Y. is a Florida corporation with its principal place of business in Florida, and Defendant is an Arizona corporation with its principal place of business in Arizona. (See Notice ¶¶ 4, 5). As for Shaked, the Complaint alleges he is a Florida resident but does not otherwise indicate his domicile. (See Compl. ¶ 2). Because Shaked does not challenge Defendant's assertion he is a Florida citizen (see Notice ¶¶ 6–7), and in the Motion, Plaintiffs contend this suit should be remanded to state court only because the amount-in-controversy requirement is not satisfied (see generally Mot.), the Court takes as admitted Shaked is domiciled in Florida.

*Id*. at 1359 n.2.  Although the court noted that there is a presumption that the state in which a person resides is that person's domicile, the court did not solely rely on this presumption to establish the existence of complete diversity.  *Id*.  Instead, the court noted that the plaintiff's motion to remand did not challenge the defendant's assertion that he was a Florida citizen and, thus, that the plaintiff admitted that he was a citizen of Florida.  *Id*.  In the instant case, Plaintiff has not admitted, implicitly or otherwise, that he is a citizen of Florida.

Regardless, Eleventh Circuit precedent is clear that residence alone is not sufficient to establish citizenship.  *See, e.g.*, *Bernath v. Am. Legion*, 704 Fed. App'x 917, 918 (11th Cir. 2017) (finding that the plaintiff failed to allege that there was complete diversity between all plaintiffs and all defendants because the plaintiff alleged only where he and the defendants resided, not where he and the defendants were citizens); *Travaglio*, 735 F.3d at 1269 (citing *Denny v. Pironi*, 141 U.S. 121, 123 (1891) ("That an averment of residence is not the equivalent of an averment of citizenship, and is insufficient to give the circuit court jurisdiction, has been settled in a multitude of cases in this court, and, in case of a defective averment in this particular, the judgment will be reversed by this court upon its own motion, and the case remanded.") (internal citation omitted)); *Eaton*, 2017 WL 3033782, at *1 (finding that the defendant's reliance on the plaintiff's allegation of residence was insufficient to establish citizenship for purposes of removal, and stating that "district courts must stand sentry, guarding the principle of limited jurisdiction against the assault of imprecise removal allegations.").

Accordingly, the undersigned recommends that the case be **REMANDED** to state court for Defendant's failure to establish the existence of complete diversity.

III.   **CONCLUSION**.

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The case be **REMANDED** to state court;

2.  All pending motions be **DENIED** as moot; and

3.  The Clerk be directed to close the case.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 2, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy