UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS H. BROOKS, JR.,

    Plaintiff,

v.                                                             Case No. 6:18-cv-554-Orl-37DCI

SEARS, ROEBUCK AND CO.,

    Defendant.
_____

## **ORDER**

This cause comes before the Court for review of U.S. Magistrate Judge Daniel C. Irick's Report, recommending that the Court remand this case for lack of subject matter jurisdiction. (Doc. 15 ("**R&R**").) Defendant objects. (Doc. 19.) On *de novo* review, the Court finds that the R&R is due to be adopted and this case remanded.

### I.     Procedural History

Plaintiff initiated this premise liability action in state court. (Doc. 2 ("**Complaint**").) Purporting to invoke the Court's diversity jurisdiction, Defendant removed the action here. (Doc. 1 ("**Notice**").) On *sua sponte* review, Magistrate Judge Irick found that Defendant failed to establish the requirements for diversity jurisdiction and directed Defendant to show cause why this cause should not be remanded for lack of subject matter jurisdiction. (Doc. 7 ("**Show Cause Order**").) Specifically, Magistrate Judge Irick found deficient Defendant's: (1) allegation concerning Plaintiff's citizenship, which improperly relied on the Complaint's residency allegation; and (2) sole reliance on

Plaintiff's $135,000 settlement proposal ("**Settlement Proposal**") to establish that the amount in controversy exceeded the jurisdictional threshold. (*Id.* at 2–3.)

In response, Defendant chose not to submit additional evidence to support the existence of subject matter jurisdiction; instead, it stood on the strength of the allegations in its Notice and the Settlement Proposal. (*See* Doc. 10.) With respect to the complete diversity requirement, Defendant argued that Plaintiff's residence is prima facie evidence that Plaintiff is a Florida domiciliary and therefore he is a Florida citizen. (*Id.* at 7–8.) As for the amount in controversy requirement, Defendant argued that the Show Cause Order failed to appreciate the distinction between the Settlement Proposal, which courts have held to satisfy the amount in controversy, and informal settlement demands. (*Id.* at 4–6.)

Finding Defendant's arguments unpersuasive, Magistrate Judge Irick issued his R&R concluding that Defendant had failed to carry its burden of proving the existence of complete diversity or the requisite amount in controversy. (*See* Doc. 15, pp. 7–9.) Defendant objected (Doc. 19), and the matter is now ripe.

## II.     LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*,

896 F.2d 507, 513 (11th Cir. 1990).

## III. ANALYSIS

Federal courts are courts of limited jurisdiction. To guard against unwarranted expansion of this jurisdiction in diversity cases, the parties must be completely diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). In the removal context, the defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

### A. Diversity of Citizenship.

Defendant argues that the R&R erroneously concluded that it did not sufficiently allege complete diversity. (Doc. 19, pp. 9–10.) Reiterating its position that residency is prima facie evidence of domicile, which equates to citizenship, Defendant submits the Notice sufficiently alleged Plaintiff's Florida citizenship. (*Id.* at 10.) Defendant is wrong. Residence *alone* is insufficient to demonstrate a person's citizenship for purposes of diversity jurisdiction. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013); *see also Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."). As Defendant provided no other evidence to support Plaintiff's citizenship, it has failed to establish complete diversity.

Although Defendant disingenuously suggests that Plaintiff's refusal to respond to its discovery requests prevented it from suppling additional information (Doc. 19, p. 4 n.1), the Court finds this argument unavailing. Defendant, not Plaintiff, bears the burden of establishing the parties' citizenship. *See Rolling Greens MHP, L.P. v. Comast SCH*

*Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Surely public records exist that could have supported Defendant's domicile contention, had it cared to search. *See, e.g.*, *Akkan v. Nationstar Mortg. LLC*, No. 1:16-cv-1999-WSD-LTW, 2016 WL 11260335, at *1 (N.D. Ga. Nov. 16, 2016) (setting forth the factors a court considers in making a domicile determination including, property records, voter registration, employment records, and vehicle registration).

**B.** **Amount in Controversy**

As it did in its response to the Show Cause Order, Defendant objects to the R&R's contrary conclusion by urging the Court to find that the Settlement Proposal sufficiently establishes the requisite amount in controversy. (Doc. 19, pp. 5–9.) This argument is no more persuasive as an objection to the R&R than it was in response to the Show Cause Order.

Settlement offers are not conclusive proof of the amount in controversy; rather, courts consider the circumstances under which they are made, including the specificity of information provided in the offer.[1] *See Alilin v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1183-Orl-41DAB, 2014 WL 7734262, at *2 (M.D. Fla. Jan. 30, 2014). Here, Defendant offers the Settlement Proposal as the sole evidence of the amount in controversy. (*See* Doc. 19, pp. 5–9.) But it lacks specific information to suggest that $135,000 is a reasonable assessment of Plaintiff's claim. (*See* Doc. 1-2, p. 1.) And Defendant

---

[1] Although Defendant peddles the same authority presented in response to the Show Cause Order (Doc. 19, pp. 5–7; *see also* Doc. 10, pp. 5–6), as Magistrate Judge Irick correctly points out, those cases are inapposite (*see* Doc. 15, pp. 5–7).

provides no details concerning the nature and severity of Plaintiff's injuries which would allow the Court to determine the reasonableness of the proposal. With this, the Settlement Proposal—standing alone—is insufficient to establish the amount in controversy. *See, e.g.*, *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (finding a post-suit settlement offer making a flat claim for $155,000 with no information about how the damages were assessed failed to establish the amount in controversy). So Defendant has failed to carry its burden on this requirement.

Failing to establish diversity jurisdiction, Defendant has failed to demonstrate subject matter jurisdiction. *See Williams*, 269 F.3d at 1319. Thus, this case is due to be remanded. *See* 28 U.S.C. § 1447(c) (providing that a district court must remand a case when it lacks subject matter jurisdiction).

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Objection (Doc. 19) is **OVERRULED**.
2. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 15) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.
3. This case is **REMANDED** to the Circuit Court for the Eighteenth Judicial Circuit in and for Seminole County, Florida.
4. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 23, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
The Circuit Court for the Eighteenth Judicial Circuit
 in and for Seminole County, Florida